UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADRIAN MARTIN-MARTINEZ,

Petitioner,

v.

Case No. 2:26-cv-2018-KCD-KRH

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

# ORDER

Petitioner Adrian Martin-Martinez is a citizen of Cuba currently detained by U.S. Immigration and Customs Enforcement ("ICE") who does not yet have a final order of removal. He asks this Court to release him or order a bond hearing. (Doc. 1.)[1] The Government opposes the petition. (Doc. 5.)

Martin-Martinez's "detention is governed by § 1226(a)." *Nardella Mago*, 2026 WL 532485, at *2 (M.D. Fla. Feb. 26, 2026). Which means he is entitled to an individualized bond hearing. *Id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). But Martin-Martinez has already received four bond

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

hearings, which were denied. (*See* Doc. 4-1 at 4-6.) Thus, the Court finds that his request for a bond hearing is moot.

Article III of the Constitution limits federal courts to resolving actual, ongoing controversies. We do not issue advisory opinions, and we do not keep cases on the docket when the underlying dispute has evaporated. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). When Martin-Martinez filed his petition, his only grievance was that he had been locked up with no mechanism for release. (Doc. 1.) But the Government has afforded Martin-Martinez the opportunity to contest his detention. (Doc. 4-1 at 4-6.) He has thus received process. And he reserved his right to appeal those decisions. (*Id.* at 6.)

The Court does not have jurisdiction to overturn the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e). And Martin-Martinez has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See id.* § 1003.19(e).

Martin-Martinez also argues that the notice to appear charging removability was incorrectly issued and is therefore void. On June 10, 2025,

an immigration judge granted a motion to dismiss proceedings, and the same day, ICE issued and served Martin-Martinez with a new notice to appear and an order of expedited removal. (Doc. 4-1 at 2.) He states the Department of Homeland Security ("DHS") cannot reissue a notice to appear after proceedings are terminated; only the Executive Office for Immigration Review can. (Doc. 1 at 13.) Not so. When a removal proceeding is dismissed due to a defective notice to appear, DHS may issue a proper notice and initiate a new proceeding. *See Arreola-Ochoa v. Garland*, 34 F.4th 603, 608 (7th Cir. 2022). This argument fails.

Martin-Martinez next argues the Government violated the Administrative Procedure Act when it revoked his supervised release. The difficulty here is twofold. First, Martin-Martinez has brought this claim in a habeas petition, which is the wrong vehicle for the job. The writ of habeas corpus exists to challenge the fact or duration of physical confinement. It is not a catch-all funnel for standard administrative grievances. Trying to shoehorn a freestanding APA challenge into a habeas petition simply does not work. *See Fleurimond v. Noem*, No. CV-26-00037-PHX-MTL, 2026 WL 507542, at *3 (D. Ariz. Feb. 24, 2026). A habeas petition comes with a streamlined procedure, fast-tracked rules, and a nominal filing fee. An APA challenge, by contrast, is a standard civil action with a heftier filing fee and following the ordinary, more deliberate pace of the Federal Rules of Civil

Procedure. Litigants cannot sidestep those standard requirements by simply slapping a habeas label on an administrative complaint. *See Alvarez v. Noem*, No. 5:26-CV-0013-JKP, 2026 WL 93972, at *7 (W.D. Tex. Jan. 9, 2026); *Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004) (recognizing legal distinction between habeas cases and civil actions brought under APA, which have different filing fees and exhaustion provisions).

Second, the APA itself leaves no room for this claim. The APA operates as a fallback option, providing a right of judicial review only when "there is no other adequate remedy in a court." 5 U.S.C. § 704. But Martin-Martinez has an adequate remedy—the very habeas petition he filed to get through the courthouse doors. *See Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring). Because the writ of habeas corpus provides a fully adequate avenue to test the legality of his custody—which is the only thing Martin-Martinez is challenging here—the APA simply leaves no room for this redundant claim. *See Fleurimond*, 2026 WL 507542, at *3; *Rivera v. Noem*, No. 1:25-CV-01289 KWR-KBM, 2026 WL 381309, at *7 (D.N.M. Feb. 11, 2026).

Finally, Martin-Martinez argues that his detention is an extreme hardship to his spouse. But this argument provides no facts or law to support a constitutional claim. He understandably wishes to be released to help his family. But he offers no legal argument for *why* his ongoing detention crosses

the line from a routine, statutorily mandated holding period into a constitutional violation. He does not allege that the government is dragging its feet, that his proceedings are stalled indefinitely, or that his detention has become punitive rather than administrative. In fact, Martin-Martinez has received bond hearings, which this Court lacks jurisdiction to overturn. *See* 8 U.S.C. § 1226(e).

Because Martin-Martinez has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on August 10, 2026.

Kyle C. Dudek
United States District Judge